[Cite as *State v. Green*, 2013-Ohio-1197.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO. C-120283
                                                   TRIAL NO. 11CRB-31331A
    Plaintiff-Appellee          :

vs.                                    :          *O P I N I O N.*

DENNIS GREEN,                           :

    Defendant-Appellant.        :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 29, 2013


*John Curp*, City Solicitor, *Charles A. Rubenstein*, City Prosecutor, and *Jennifer Bishop*, Assistant City Prosecutor, for Plaintiff-Appellee,

*David Hoffmann*, and the Office of the Hamilton County Public Defender, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}   Defendant-appellant Dennis Green appeals his conviction for solicitation.  For the following reasons, we affirm.

{¶2}   In October 2011, Green asked an undercover police officer to engage in anal sex for $20.  Green was arrested for solicitation in violation of R.C. 2907.24(A) and loitering to engage in solicitation in violation of R.C. 2907.241.  Green moved to dismiss the charges against him, arguing that the criminal statutes violated his substantive-due-process rights.  The trial court denied the motion.  Green then entered a no-contest plea to solicitation, and in exchange the state dismissed the loitering charge.  Green was sentenced to 60 days in jail with 55 days suspended, and one year of community control.  The trial court stayed his sentence pending this appeal.

{¶3}   In his single assignment of error, Green contends that because the solicitation statute is unconstitutional, the trial court erred by denying his motion to dismiss the solicitation charge.  Green argues that the liberty component of the Due Process Clause protects the act of consenting adults engaging in sexual activity for hire; i.e., prostitution, and, therefore, the solicitation of another adult to engage in prostitution is a fundamental right that may not constitutionally be prohibited by the state.  We are unpersuaded.

{¶4}   In addressing Green's assignment, we must presume that the state statute prohibiting solicitation, R.C. 2907.24, is constitutional.  The burden is on Green to prove otherwise.  *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 4.

{¶5}   R.C. 2907.24(A) provides that "[n]o person shall solicit another to engage with such other person in sexual activity for hire."

{¶6}   There are two tests used to assess the constitutionality of a statute under the Due Process clause: strict scrutiny or rational-basis scrutiny. When the law restricts the exercise of a fundamental right, the strict-scrutiny test is used. A statute survives strict scrutiny if it is narrowly tailored to serve a compelling state interest. * * * Where there is no fundamental right at issue, a rational basis test is used to protect liberty interests. Under the rational-basis test, a statute survives if it is reasonably related to a legitimate government interest.

*State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 18.

{¶7}   We first must decide whether there is a fundamental right to engage in sexual activity for hire, and thus, to solicit that activity. We hold that there is not. While no Ohio court has addressed the constitutionality of R.C. 2907.24, the Eighth Appellate District, in addressing a constitutional challenge to a municipal ordinance prohibiting solicitation, held that there was no fundamental right affected by the solicitation ordinance. *Cleveland v. Huff*, 14 Ohio App.3d 207, 208, 470 N.E.2d 934 (8th Dist.1984). Further, courts in other jurisdictions considering solicitation statutes similar to R.C. 2907.24 have held that there is no fundamental right to engage in sexual activity for hire or to solicit another for such. *State v. Henderson*, 269 N.W.2d 404 (Iowa 1978); *Lutz v. United States*, 434 A.2d 442 (D.C.App.1981).

{¶8}   Green cites to *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), for the proposition that prostitution is a fundamental

3

right.  In *Lawrence*, the United States Supreme Court overturned a Texas statute that criminalized "deviate sexual intercourse" between individuals of the same sex.  Green argues that the holding in *Lawrence* recognized that private sexual activity between consenting adults is constitutionally protected under the Due Process Clause. We disagree.  First, the *Lawrence* court specifically pointed out that the issue before it did not involve prostitution. *Id.* at 578.  Second, the Ohio Supreme Court, in addressing whether the United States Supreme Court in *Lawrence* had announced a new "fundamental right to all consensual [sexual] activity," held that it had not.  *Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512 at ¶ 24.

{¶9}    Given that there is no fundamental right to engage in sexual activity for hire, we employ a rational-basis review to assess the constitutionality of R.C. 2907.24.   Here, the solicitation statute is rationally related to the legitimate government interest in public health, safety, morals and general welfare.  For example, the solicitation statute is reasonably related to promoting the state's interest in public safety by prohibiting the first step toward committing the act of prostitution, a crime in Ohio.  *Huff*, 14 Ohio App.3d at 209, 470 N.E.2d 934.  Further, the state has a legitimate interest in controlling the health hazards posed by prostitution.  *See Colorado v. Mason*, 642 P.2d 8, 12 (Colo.1982).  And, finally, the state has an interest in maintaining a decent society, and the stemming of commercialized sexual solicitation is an acceptable means of furthering this interest.  *See United States v. Moses*, 339 A.2d 46, 54 (D.C.App.1975).

**{¶10}**    In conclusion, because the solicitation statute reasonably relates to the state's interest in protecting public health, safety, morals and general welfare, we hold that R.C. 2907.24(A) is constitutional.

**{¶11}**    The single assignment of error is overruled.

Judgment affirmed.

**DEWINE, J.**, concurs.
**HENDON, P.J.,** concurs in judgment only.

Please note:

The court has recorded its own entry this date.