**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Huron v. Kisil*, **Slip Opinion No. 2025-Ohio-2921.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2921

THE CITY OF HURON, APPELLEE, *v.* KISIL, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Huron v. Kisil*, Slip Opinion No. 2025-Ohio-2921.]**

*Criminal law—Constitutional law—Due process—Void-for-vagueness challenge— A defendant cannot mount a successful void-for-vagueness challenge if his conduct clearly falls within the activities proscribed by the challenged law—Court of appeals' judgment affirmed and cause remanded to trial court.*

(No. 2024-0640—Submitted April 22, 2025—Decided August 20, 2025.)

CERTIFIED by the Court of Appeals for Erie County,

No. E-23-019, 2024-Ohio-2441.

_____

FISCHER, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., joined.

**FISCHER, J.**

{¶ 1} A statute or ordinance will not be struck down as unconstitutionally vague if the challenger's conduct clearly falls within the activities proscribed by the statute. In this case, the alleged conditions of the property owned by appellant, Michael P. Kisil, clearly fall within the proscriptions of the provisions of the International Property Maintenance Code ("IPMC") that are challenged in this case. Those provisions require properties to be maintained and kept in a "clean," "safe," and "sanitary" condition. IPMC § 301.3 and 302.1. And one of the challenged IPMC provisions specifies that a vacant property is not clean, safe, and sanitary if it "cause[s] a blighting problem or adversely affect[s] the public health or safety." IPMC § 301.3.

{¶ 2} The complaint filed against Kisil alleges that a residence on his property lacks water service and has holes in the roof and that his property contains a break wall that is falling into a river. If true, the alleged conditions would clearly cause a blighting problem and adversely affect public safety. The complaint also alleges that Kisil's property contains "debris," including "barrels, lawn mowers, boats, trailers, propane tanks, and general vegetation." If those items are in fact disused "debris" as alleged, then his property likewise is clearly not "clean." Because the conditions of Kisil's property, as alleged in the complaint, clearly violate the challenged IPMC provisions, Kisil cannot succeed on his claim that the provisions are void for vagueness. Therefore, we affirm the judgment of the Sixth District Court of Appeals and remand the case to the Huron Municipal Court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

{¶ 3} Appellee, the City of Huron, filed a criminal complaint against Kisil in the Huron Municipal Court alleging four violations of the IPMC, which was

adopted by the city through an ordinance,[1] and two violations of other Huron city ordinances. Relevant to this appeal, Counts A and B alleged violations of IPMC § 301.3 and 302.1, respectively. IPMC § 301.3 says, "Vacant structures and premises thereof or vacant land shall be maintained in a clean, safe, secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety." And IPMC § 302.1 says, "Exterior property and premises shall be maintained in a clean, safe and sanitary condition."

{¶ 4} Kisil filed a motion to dismiss the IPMC counts, alleging that the provisions were unconstitutionally vague. He argued that IPMC § 301.3's use of the words "as provided herein" indicates that the provision is "merely an introduction to specific requirements" and that by itself, it is not a maintenance standard. (Underlining in original.) Moreover, his motion cited *State v. ACV Realty*, 2016-Ohio-3247 (7th Dist.), a case that, according to Kisil, held that the terms "clean," "safe," and "sanitary" in IPMC § 302.1 "failed to place a person of ordinary intelligence on notice as to what constitutes criminal conduct."

{¶ 5} In deciding the motion to dismiss, the trial court relied on *ACV Realty*, in which the Seventh District Court of Appeals addressed whether IPMC § 302.1—adopted by reference under the Youngstown Property Maintenance Code—was vague. The Seventh District held that IPMC § 302.1 is unconstitutionally vague, explaining that the terms "clean," "safe," and "sanitary" are undefined and vague and that "people of common intelligence are probably left to guess as to what precisely will be considered a criminal act." *ACV Realty* at ¶ 23, 25. Furthermore,

---

1. Huron Cod.Ord. 1307.01 states:

> There is adopted for the purpose of establishing rules and regulations for the maintenance of property within the City of Huron that certain property maintenance code known as the International Property Maintenance Code, 2021 edition, (as amended, "IPMC") in its entirety. A complete copy of the IPMC adopted herein is on file with the Clerk of Council for inspection by the public and is also on file in the Sandusky Bay Law Library. The Clerk of Council also has copies available for distribution to the public, at cost.

the court noted that IPMC § 302.1 was unclear with respect to who would be responsible for violations. *Id*. at ¶ 24. IPMC § 302.1 purports to hold the "occupant" responsible, yet there was no occupant in *ACV Realty* because the property in question was "apparently unoccupied" and "in the process of being demolished." *Id*. at ¶ 10. The court further stated that the IPMC's relationship to the Youngstown City Ordinances was "vague and confusing," *id*. at ¶ 26, and that the provisions invited arbitrary enforcement because one provision of the Youngstown Property Maintenance Code stated that an administrative fine could be assessed only "'after a notice and order is provided,' " while another provision stated, "'A prior warning or notice is not a prerequisite for prosecution or conviction for violation of any provision of this code,' " *id*. at ¶ 29-31, quoting Youngstown Cod.Ord. 546.05(c) and 546.06(d).

{¶ 6} Persuaded by *ACV Realty*, the trial court in this case held that the words "clean," "safe," and "sanitary" are undefined in the IPMC and, as such, are unconstitutionally vague. Therefore, the court dismissed Counts A and B.[2]

{¶ 7} The city appealed pursuant to R.C. 2945.67(A). The Sixth District reversed the trial court's judgment dismissing Counts A and B, noting that "'"the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law,"'" 2024-Ohio-2441, ¶ 14 (6th Dist.), quoting *State v. Carrick*, 2012-Ohio-608, ¶ 14, quoting *State v. Anderson*, 57 Ohio St.3d 168, 171 (1991), and that "'[a] statute will not be declared void . . . merely because it could have been worded more precisely,'" *id*. at ¶ 13, quoting *State v. Rober*, 2015-Ohio-5501, ¶ 19 (6th Dist.).

{¶ 8} The Sixth District held that because "clean," "safe," and "sanitary" are not defined in the IPMC, they must be given their ordinary meaning. *Id.* at ¶ 17, 22. The court cited *Merriam-Webster's Collegiate Dictionary* (11th Ed. 2003)

---

2. The trial court denied Kisil's motion to dismiss with respect to Counts C and E, finding that the relevant IPMC provisions in those counts were not unconstitutionally vague.

and said: "'Clean' means 'free from dirt or pollution.' 'Safe' means 'free from harm or risk.' And 'sanitary' means 'of or relating to health.'" 2024-Ohio-2441 at ¶ 22. The court reasoned that these terms are generally understood and ""within the comprehension of any one."" *Id*. at ¶ 23, quoting *Commonwealth v. Brandt*, 2017 WL 3643006, *6 (Pa.Commw. Aug. 25, 2017), quoting *State v. Johnson*, 196 Kan. 208, 212 (1966). It concluded that the IPMC provisions sufficiently convey what conduct is proscribed and that they are therefore not unconstitutionally vague. *Id.* at ¶ 24.

{¶ 9} The Sixth District sua sponte certified that its decision was in conflict with the Seventh District's decision in *ACV Realty*. Kisil then filed a notice of certified conflict and a notice of appeal to this court. We determined that a conflict exists and ordered the parties to brief the following question:

> "Under the International Property Maintenance Code, are the
> terms 'clean,' 'safe,' and 'sanitary' relating to property maintenance
> unconstitutionally void for vagueness in that they fail to apprise an
> ordinary property owner or occupant as to what is prohibited?"

2024-Ohio-2781, quoting 2024-Ohio-2441 at ¶ 26. We declined to review Kisil's jurisdictional appeal. *Id.*

## LAW AND BACKGROUND

{¶ 10} "The void-for-vagueness doctrine is a component of the right to due process and is rooted in concerns that laws provide fair notice and prevent arbitrary enforcement." *In re Columbus S. Power Co.*, 2012-Ohio-5690, ¶ 20, citing *Skilling v. United States*, 561 U.S. 358, 412 (2010). In order to prove that a statute or ordinance is void for vagueness, "a challenging party 'must show that the statute is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no

standard of conduct is specified at all.' " *Id.*, quoting *Anderson*, 57 Ohio St.3d at 171, quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971).

{¶ 11} In order to pass constitutional muster, the challenged statute or ordinance must: (1) provide fair warning about what conduct is proscribed, (2) preclude arbitrary, capricious, and discriminatory enforcement, and (3) not unreasonably impinge on constitutionally protected rights. *State v. Collier*, 62 Ohio St.3d 267, 269-270 (1991), citing *State v. Tanner*, 15 Ohio St.3d 1, 3 (1984); *see also Grayned v. Rockford*, 408 U.S. 104, 108-109 (1972); *United States v. Williams*, 553 U.S. 285, 304 (2008) ("A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement."). Furthermore, statutes or ordinances imposing criminal sanctions require a more stringent review for vagueness than statutes or ordinances imposing civil penalties because "the consequences of imprecision are qualitatively" more severe for statutes or ordinances imposing criminal liability. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-499 (1982); *see also Columbus S. Power* at ¶ 13. Nevertheless, "all statutes designed to promote the public health, safety, and welfare . . . enjoy a strong presumption of constitutionality," *Anderson* at 171, citing *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas*, 9 Ohio St.2d 159 (1967).

{¶ 12} While the United States Supreme Court has said at various times that a facial challenge for vagueness must show that the law is "impermissibly vague in *all* of its applications" (emphasis added), *Hoffman Estates* at 494-495, the Court has more recently clarified that position. In *Johnson v. United States*, the Court stated that "although statements in some of our opinions could be read to suggest otherwise, our *holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the

provision's grasp." (Emphasis in original.) 576 U.S. 591, 602 (2015). In *Johnson*, the Court pointed out that it has "deemed a law prohibiting grocers from charging an 'unjust or unreasonable rate' void for vagueness—even though charging someone a thousand dollars for a pound of sugar would surely be unjust and unreasonable," *id*., quoting *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 89 (1921), and also "deemed void for vagueness a law prohibiting people on sidewalks from 'conduct[ing] themselves in a manner annoying to persons passing by'—even though spitting in someone's face would surely be annoying" (bracketed text in original), *id*. at 603, quoting *Coates* at 611. Therefore, to be unconstitutionally vague, a law need *not* be vague "in all its applications," *id*.

{¶ 13} Nevertheless, the law must be vague in its application to the party at issue in the case. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." (Footnote omitted.) *Hoffman Estates* at 495; *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010).

{¶ 14} However, it is important to note that this principle does *not* mean that to prove that the law is vague, the challenger must first prove that he or she did not violate the law. If that were so, it would render the void-for-vagueness doctrine completely meaningless. Rather, it is important to look at how this principle has been practically applied. For example, in *Holder*, the United States Supreme Court held that the plaintiffs could not challenge a criminal law as being void for vagueness when the law clearly proscribed the conduct in which the plaintiffs sought to engage. *Holder* at 21-23. Similarly, in *Broadrick v. Oklahoma*, the challengers admitted that their conduct fell within the activities prohibited by a statute but argued that the statute's application was vague as to other, hypothetical conduct. 413 U.S. 601, 610 (1973). In that sense, the challengers had essentially

7

sought to mount an as-applied challenge to the statute on behalf of other, hypothetical parties—something that is not permitted. *Id*. The Court explained, "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Id*. The Court held that "even if the outermost boundaries of [the challenged statute] may be imprecise, any such uncertainty has little relevance here, where appellants' conduct falls squarely within the 'hard core' of the statute's proscriptions and appellants concede as much." *Id*. at 608.

{¶ 15} Therefore, the rule to be taken from these cases is not that the challenger must prove that he has not violated a law before he can prove that the law is void for vagueness, but rather, that a challenger cannot mount a successful void-for-vagueness challenge if his conduct clearly falls within the activities proscribed by the law. *See Collier*, 62 Ohio St.3d at 269, quoting *Anderson*, 57 Ohio St.3d at 171 ("'Thus, to escape responsibility . . . , [the challenger] must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged.'" [Ellipsis in original.]).

## ANALYSIS

{¶ 16} The IPMC provisions at issue in this case are subject to a more stringent review for vagueness because they involve criminal sanctions rather than civil penalties. *See Hoffman Estates*, 455 U.S. at 498-499; *Columbus S. Power*, 2012-Ohio-5690, at ¶ 13-14. However, even if the provisions are vague and difficult to apply in some circumstances, Kisil's challenge must fail if his own conduct is clearly proscribed. *See Hoffman Estates* at 495.

{¶ 17} In Count A, the city alleged a violation of IPMC § 301.3, which reads:

> **Vacant structures and land.** Vacant structures and premises thereof or vacant land shall be maintained in a clean, safe, secure and sanitary condition as provided herein so as not to cause a blighting problem or adversely affect the public health or safety.

(Boldface in original.) IPMC § 301.3 does provide some guidance on what "clean," "safe," and "sanitary" mean. It elucidates that if the property is causing a "blighting problem" or "adversely affect[ing] the public health or safety," then it is not clean, safe, or sanitary.

{¶ 18} Even if the words clean, safe, and sanitary are vague and would cause the average person to have to guess whether their property is in violation of those standards in some circumstances, in *this case*, the allegations made by the city as to Kisil's property clearly put him within the prohibitions of IPMC § 301.3. In Count A, the city alleged the following with respect to Kisil's property: "[T]he residence has been without water since 11/24/2010, break wall is falling into the river, the general exterior of the main house and garage is decaying, fence is deteriorating, holes in the roof." It is clear that a residence without water and with holes in the roof would cause a blighting problem. *See* R.C. 1.08(B) ("'Blighted parcel' means either of the following: (1) A parcel that has one or more of the following conditions: (a) A structure that is dilapidated, unsanitary, unsafe, or vermin infested and that because of its condition has been designated by an agency that is responsible for the enforcement of housing, building, or fire codes as unfit for human habitation or use; (b) The property poses a direct threat to public health or safety in its present condition by reason of environmentally hazardous conditions, solid waste pollution, or contamination; . . ."). And it is equally clear that a break wall falling into a river would adversely affect public safety. Therefore, based on the city's allegations, which must be taken as true, Kisil's property "falls

squarely within the 'hard core' of [IPMC § 301.3's] proscriptions," *Broadrick*, 413 U.S. at 608, so he cannot mount a successful void-for-vagueness facial challenge regarding IPMC § 301.3.

{¶ 19} In Count B, the city alleged a violation of IPMC § 302.1, which reads:

> **Sanitation.** Exterior property and premises shall be maintained in a clean, safe and sanitary condition. The occupant shall keep that part of the exterior property that such occupant occupies or controls in a clean and sanitary condition.

(Boldface in original.) This provision of the IPMC lacks the additional clarifying language that IPMC § 301.3 includes. Nevertheless, the city's allegations clearly put Kisil's property conditions within the prohibitions of IPMC § 302.1. Count B of the city's complaint alleges that Kisil's property had "debris located throughout the parcel, consisting of barrels, lawn mowers, boats, trailers, propane tanks, and general vegetation." By classifying the barrels, lawn mowers, boats, trailers, and propane tanks on Kisil's property as "debris," the complaint implies that these personal-property items have been abandoned and disused. *See Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/debris (accessed July 30, 2025) [https://perma.cc/5US3-G526] (defining "debris" as "the remains of something broken down or destroyed" and "something discarded"). Certainly, a property containing abandoned and unusable boats and lawn mowers would not be considered "clean."

{¶ 20} Therefore, Kisil's void-for-vagueness challenge to IPMC 301.3 and 302.1 must fail because the alleged conditions of his property clearly fall within the proscriptions of those provisions.

## CONCLUSION

{¶ 21} Because the conditions of Kisil's property, as alleged by the city, clearly fall within the proscriptions of the challenged IPMC provisions, Kisil cannot succeed in a challenge claiming that IPMC 301.3 and 302.1 are void for vagueness. Accordingly, we affirm the judgment of the Sixth District Court of Appeals and remand this cause to the Huron Municipal Court for further proceedings.

Judgment affirmed
and cause remanded.

_____

Andrea F. Rocco, Huron City Prosecutor; and Seeley Savidge Ebert & Gourash Co., L.P.A., and Jeffrey S. Moeller, for appellee.

Matthew A. Craig, for appellant.

_____