[Cite as *State v. Clavin*, 2026-Ohio-325.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TIMOTHY S. CLAVIN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 CO 0019**

---

Criminal Appeal from the
Columbiana County Municipal Court, Columbiana County, Ohio
Case No. 2024 CRB 1922

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Jennifer Bonish*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Ronald D. Yarwood*, DeGenova & Yarwood, Ltd., for Defendant-Appellant.

Dated: February 3, 2026

**HANNI, J.**

{¶1} Defendant-Appellant, Timothy S. Clavin, appeals a Columbiana County Municipal Court judgment overruling his motion to dismiss the criminal complaint against him for engaging in prostitution. He entered a no contest plea solely for the purpose of appeal. The trial court imposed a suspended 90-day jail sentence, with two years of probation. The court stayed sentencing pending the outcome of this appeal.

{¶2} Appellant argues the trial court erred by overruling his motion to dismiss because the engaging in prostitution statute, R.C. 2907.231(B) is unconstitutionally vague and overbroad. He also contends it violates his fundamental rights to liberty and privacy under the Due Process Clauses of the Ohio and United States Constitutions.

{¶3} For the following reasons, we affirm the trial court's judgment. Appellant cannot sustain a constitutional claim of vagueness because his conduct falls squarely within the activities prohibited under R.C. 2907.231(B). He entered into an online agreement to pay money to an undercover Task Force Agent for sexual activity. Appellant's overbreadth claim also fails because R.C. 2907.231(B) regulates conduct and is narrowly drafted to bar unprotected conduct of sex for hire. Additionally, Appellant's due process claim fails because there is no fundamental right to engage in prostitution or sex trafficking and the statute bears a reasonable relationship to the State's legitimate interests in public safety, controlling health hazards, and preventing sexual commercialization.

{¶4} On October 17, 2024, Appellant responded to an advertisement on a website called "Skip the Games." The advertisement was placed by Mahoning Valley Human Trafficking Task Force Agent Joe Chamberlain, who was posing as a female. Appellant responded to the ad and agreed to pay $140 for vaginal and oral sex.

{¶5} Appellant and Chamberlain made arrangements to meet that day and Appellant texted Chamberlain upon his arrival. Chamberlain observed a red Subaru Outback drive around the meeting location and he identified the vehicle as registered to Appellant. Chamberlain texted Appellant, "U parked in gravel lot?" and Appellant responded, "No across street missed that one but standing there now." Police officers

approached Appellant, who was standing at the meeting location parking lot. A text message was sent to the phone number used to communicate between Chamberlain and the person with whom he was communicating. Appellant's cell phone alerted. Appellant was arrested.

**{¶6}** On October 18, 2024, a criminal complaint was filed alleging Appellant engaged in prostitution in violation of R.C. 2907.231(B), a first-degree misdemeanor. The complaint also alleged Appellant possessed criminal tools in violation of R.C. 2923.24, a first-degree misdemeanor.

**{¶7}** On December 11, 2024, Appellant filed a motion to dismiss the criminal complaint. He asserted R.C. 2907.231(B) was unconstitutionally vague and overbroad. He also contended the statute violated his due process right to privacy involving sexual activity. The State filed a response.

**{¶8}** On February 7, 2025, the trial court overruled Appellant's motion to dismiss. On April 30, 2025, Appellant filed a Motion of Intent to Plead No Contest for the Purpose of Appealing the Court's Overruling of the Defendant's Motion to Dismiss. Appellant entered his no contest plea before the court on June 5, 2025. The court sentenced Appellant to 90 days in jail, with 90 days suspended, and 2 years of probation, plus fines and costs. The court stayed the sentence pending Appellant's appeal.

**{¶9}** Appellant filed his notice of appeal and asserts three assignments of error. In his first assignment of error, Appellant contends:

**THE TRIAL COURT ERRED IN FAILING TO FIND OHIO REVISED CODE 2907.231(B) UNCONSTITUTIONALLY VAGUE IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS.**

**{¶10}** Appellant submits R.C. 2907.231 is unconstitutionally vague. He asserts it is facially vague because individuals of ordinary intelligence cannot distinguish conduct that is criminal from that which is not. He submits the language also lends itself to arbitrary and discriminatory enforcement because officers must subjectively interpret the statute due to its vagueness. He further questions the meaning of "anything of value" in the statute, since the definition in R.C. 1.03 includes "[e]very other thing of value," which could encompass "information, support, and promises." Appellant also contends that the

statute violates the First Amendment because its vague language could encompass mere words stated by an individual.

**{¶11}** We review the interpretation of a statute and its constitutionality under a de novo standard of review. *Bierly v. Kettering Health Network*, 2024-Ohio-3326, ¶ 27 (2d Dist.). We also review a trial court's decision on a motion to dismiss under a de novo standard of review. *State v. Fast*, 2021-Ohio-2548, ¶ 62 (11th Dist.). Thus, we independently review the evidence without deference to the trial court's decision.

**{¶12}** The "void-for-vagueness" doctrine implicates due process concerns as laws must "provide fair notice and prevent arbitrary enforcement." *In re Columbus S. Power Co.,* 2012-Ohio-5690, ¶ 20. Accordingly, for a statute to be upheld as constitutional, it must: (1) provide fair warning about what conduct is proscribed, (2) preclude arbitrary, capricious, and discriminatory enforcement, and (3) not unreasonably impinge on constitutionally protected rights. *Huron v. Kisil*, 2025-Ohio-2921, ¶ 11, citing *State v. Collier*, 62 Ohio St.3d 267, 269-270 (1991) (citing *State v. Tanner*, 15 Ohio St.3d 1, 3 (1984); *Grayned v. Rockford*, 408 U.S. 104, 108-109 (1972); and *United States v. Williams*, 553 U.S. 285, 304 (2008)).

**{¶13}** A party challenging a statute as unconstitutionally vague must demonstrate that "the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *Kisil* at ¶ 10, quoting *Columbus Power* at ¶ 20 (quoting *State v. Anderson,* 57 Ohio St.3d 168, 171 (1991), quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971)). Statutes promoting health, safety, and welfare are afforded a strong presumption of constitutionality. *Kisil* at ¶ 11, quoting *Anderson* at 171, citing *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas*, 9 Ohio St.2d 159 (1967). However, those imposing criminal sanctions require more stringent review because the penalties are more severe. *Kisil* at ¶ 11, quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-499 (1982) and *Columbus Power* at ¶ 13.

**{¶14}** R.C. 2907.231(B) provides that "[n]o person shall recklessly induce, entice, or procure another to engage in sexual activity for hire in exchange for the person giving anything of value to the other person." R.C. 2907.231(A)(1) defines "sexual activity for hire" as "an implicit or explicit agreement to provide sexual activity in exchange for

anything of value paid to the person engaging in such sexual activity, to any person trafficking that person, or to any person associated with either such person." R.C. 2907 does not provide a definition of "anything of value." However, R.C. 1.03 provides multiple definitions of the phrase to be used in any part of the Ohio Revised Code. It provides in relevant part that "anything of value," includes money, goods, rights in action, a promise of future employment, and "(I) [e]very other thing of value." R.C. 1.03 (I).

{¶15} In *Huron v. Kisil*, 2025-Ohio-2921, ¶ 1, the Ohio Supreme Court held that, "[a] statute or ordinance will not be struck down as unconstitutionally vague if the challenger's conduct clearly falls within the activities proscribed by the statute." Kisil had challenged the City of Huron's criminal complaint against him for violating provisions of its vacant property ordinances. The City had adopted provisions of the International Property Maintenance Code and some of the charges against Kisil concerned keeping his vacant land maintained in a "clean," "safe," and "sanitary" condition. Kisil maintained these terms were unconstitutionally vague.

{¶16} The municipal court granted Kisil's motion to dismiss as to two violations of the ordinance using these terms. The court relied on our decision in *State v. ACV Realty*, 2016-Ohio-3247, ¶ 25 (7th Dist.), where we determined that those terms were unconstitutionally vague. The Sixth District reversed the judgment against Kisil by applying the plain meanings of the terms and holding that a person of ordinary intelligence would understand their meanings and thus the provisions were sufficient to convey the conduct proscribed. *State v. Kisil*, 2024-Ohio-2441, ¶ 22-24 (6th Dist.). The Sixth District certified its conflict with our decision in *ACV Realty* to the Ohio Supreme Court. 2024-Ohio-2781, quoting *Kisil,* 2024-Ohio-2441, at ¶ 26 (6th Dist.).

{¶17} The Ohio Supreme Court accepted the conflict. It reviewed the void-for-vagueness doctrine and United States Supreme Court cases, *Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, and *Johnson v. United States*, 576 U.S. 591, 562 (2015). In addressing *Kisil*, the Ohio Supreme Court held that the principle gleaned in *Johnson* was that one challenging the unconstitutional vagueness of a law "cannot mount a successful void-for-vagueness challenge if his conduct clearly falls within the activities proscribed by law." *Id*. at ¶ 15. The Court held that while the provisions in the City of Huron's ordinances were subject to a stricter review for vagueness because

they were criminal in nature, Kisil's challenge failed because the conditions of his property clearly violated the challenged provisions. *Id.*

**{¶18}** Similarly here, Appellant's conduct plainly falls within the proscriptions of R.C. 2907.231(B). We therefore shall not evaluate whether the statute may or may not be vague. Appellant responded to Agent Chamberlain's online ad soliciting prostitution. The Skip the Games website was known for prostitution activity. Appellant sought oral and vaginal sex in exchange for paying him $140. While the statute itself provides no definition of "anything of value," Appellant's offer to pay Chamberlain $140 certainly falls within the very first definition of "anything of value" set forth in R.C. 1.03(A): "[m]oney, bank bills or notes . . ."

**{¶19}** Since Appellant's conduct undoubtedly falls within R.C. 2907.231(B) through the definition of "anything of value" in R.C. 1.03(A), he cannot sustain his void-for-vagueness challenge to the statute.

**{¶20}** Accordingly, we find that Appellant's first assignment of error lacks merit and is overruled.

**{¶21}** In his second assignment of error, Appellant asserts:

**THE TRIAL COURT ERRED IN FAILING TO FIND OHIO REVISED CODE 2907.231(B) UNCONSTITUTIONALLY OVERBROAD, IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS.**

**{¶22}** Appellant contends R.C. 2907.231(B) is unconstitutionally overbroad because it encompasses constitutionally protected conduct. He submits that "anything of value is literally everything imaginable to have some emotional, informational, or monetary value." He concludes R.C. 2907.231(B) can reach every intimate relationship between consenting adults who are courting, dating or married.

**{¶23}** Appellant also asserts R.C. 2907.231(B) violates the right to engage in private sexual conduct, as well as the right to association and free speech. He submits the statute chills these rights because individuals may not express affection or offer support to their partners for fear of prosecution. He reasons that any type of intimate or romantic relationship involves an implicit or explicit offer to provide something of value in exchange for sexual activity.

Case No. 25 CO 0019

{¶24} Appellant's second assignment of error lacks merit. Appellee correctly notes that overbreadth challenges in Ohio are reserved only for cases involving First Amendment rights, such as freedom of speech, assembly, association or the press. *State v. Bielski*, 2013-Ohio-5771, ¶ 8 (7th Dist.) (citations omitted). When a party challenges a statute as overly broad on its face, they must show beyond a reasonable doubt that "a substantial number of the law's applications are unconstitutional, judged in relation to the law's plainly legitimate sweep." *State v. Rowbotham*, 2022-Ohio-926, ¶ 51 (7th Dist.) (citations omitted).

{¶25} In other words, for a statute to be facially overbroad, "there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *State v. Romage*, 2014-Ohio-783, ¶ 8, quoting *Members of Los Angeles City Council v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984). A statute with a legitimate application may still be unconstitutionally overbroad if it makes a substantial amount of constitutionally protected conduct illegal. *Akron v. Rowland*, 67 Ohio St.3d 374, 387 (1993) (quoting *Houston v. Hill*, 482 U.S. 451, 458 (1987)). However, the mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge on First Amendment grounds. *Members of Los Angeles City Council* at 800.

{¶26} In reviewing whether R.C. 2907.231(B) is unconstitutionally overbroad, we must first determine whether it regulates the content of speech or the conduct related to the speech. *Kelleys Island v. Joyce*, 146 Ohio App.3d 92, 101 (6th Dist. 2001). If the statute regulates "pure First Amendment rights (e.g., speech, expressive conduct, or association), it must be narrowly tailored and designed to further a compelling interest of the state." *State v. Snyder*, 2003-Ohio-6399, ¶ 18 (3d Dist.), citing *Broadrick v. Oklahoma*, 413 U.S. 601 (1973). However, if the statute regulates conduct and speech, "the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick* at 615. Appellant therefore must establish that R.C. 2907.231(B) "reaches a significant amount of protected speech." *Snyder* at ¶ 18, citing *Rowland*.

{¶27} R.C. 2907.231(B) is focused on conduct rather than free speech, expression, or association. It specifically states that, "[n]o person shall recklessly induce,

entice or procure another to engage in sexual activity for hire in exchange for the person giving anything of value to the other person." R.C. 2907.231(B). Inducing, enticing, and procuring constitute conduct, as does engaging in sexual activity and exchanging anything of value. The statute's aim is to prohibit individuals from hiring another to engage in sexual conduct for money or other items of value.

{¶28} Further, R.C. 2907.231(B) does not reach or bar protected speech or other constitutionally protected rights. Appellant cannot show that R.C. 2907.231(B) reaches a significant amount of constitutionally protected activity. Prostitution is not protected conduct and the only speech involved in the statute is to request or arrange sexual activity in exchange for money or an item of value. Thus, the exercise of First Amendment rights are not chilled by the statute. Appellant's assertions that the statute may spill slightly into intimate sexual relations between consenting adults is insufficient to render it overbroad. The statute is narrowly tailored to bar an individual from hiring another to engage in sexual activity in exchange for money or something of value.

{¶29} Accordingly, Appellant's second assignment of error lacks merit and is overruled.

{¶30} In his third assignment of error, Appellant asserts:

**THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT OHIO REVISED CODE 2907.231(B) VIOLATES APPELLANT'S FUNDMANTAL RIGHT TO LIBERTY AND PRIVACY UNDER THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTION.**

{¶31} Appellant contends R.C. 2907.231(B) violates his constitutional rights to liberty and privacy because it interferes with the rights of consenting adults to engage in sexual activity. He submits this is a fundamental right and thus strict scrutiny applies to reviewing the statute. Appellant cites *Lawrence v. Texas*, 539 U.S. 558 (2003), in support of his assertion.

{¶32} He acknowledges that while the state has a compelling interest in protecting minor victims and sexual assault victims, it does not have such an interest in interfering in the lives of consenting adults and how they wish to conduct themselves in their private lives. Appellant notes the state has an interest in preventing prostitution and exploitation

but R.C. 2907.231(B) is not narrowly tailored to achieve these goals. He asserts that the statute's broad sweep infringes upon consensual intimate relationships. Appellant further submits he was not engaging with an actual adult female in the instant case and this left the law enforcement officer the unfettered discretion to determine whether to charge him under R.C. 2907.231(B).

**{¶33}** We find no merit to Appellant's assignment of error. Statutes are presumed constitutional. *See* R.C. 1.47. A challenger to the constitutionality of a statute must establish "beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State v. Grevious*, 2022-Ohio-4361, ¶ 9, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St.142 (1955), paragraph one of the syllabus. We review challenges to the constitutionality of a statute under a de novo standard.

**{¶34}** Appellant challenges the constitutionality of R.C. 2907.231 on its face. A party may challenge the constitutionality of a statute either on its face or as applied to specific facts. *Harrold v. Collier*, 2005-Ohio-5334, ¶ 37. In order to succeed on a facial challenge to a statute, Appellant must show that "no set of circumstances" exist in which the statute would be valid. *Id*., citing *United States v. Salerno*, 481 U.S. 739, 745 (1987).

**{¶35}** Two tests are used to determine the constitutionality of a statute under the Due Process Clause. *State v. Lowe*, 2007-Ohio-606, ¶ 18. A court applies a strict-scrutiny test to legislation that restricts a fundamental constitutional right. *Id*. citing *Sorrell v. Thevenir*, 69 Ohio St.3d 415, 423 (1994). Such a statute must be narrowly tailored to promote a compelling governmental interest. *Id.* Where no fundamental right is at issue, the court applies a rational-basis test. *Id*. "Under the rational-basis test, a statute survives if it is reasonably related to a legitimate government interest." *Lowe* at ¶ 18, citing *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.*, 87 Ohio St.3d 55, 57 (1999).

**{¶36}** Appellant cites *Lawrence v. Texas*, 539 U.S. 558 to support his assertion that R.C. 2907.231(B) infringes upon his constitutionally protected right to engage in private intimate conduct without governmental interference. In *Lawrence*, the United States Supreme Court held a Texas statute unconstitutional that criminalized certain intimate sexual conduct between two consenting adults of the same sex. *Id.* at 560. The Court held that the statute was unconstitutional because it violated the rights of adults to

engage in private conduct under the liberty right bestowed by the Due Process Clause of the Constitution. *Id*. at 564. The Court found that the Texas statute criminalizing such conduct furthered no legitimate state interest that would justify intrusion into the private life of an individual. *Id*. at 578.

**{¶37}** In holding the Texas statute unconstitutional, the United States Supreme Court noted that the case did not involve minors or those in coercive relationships or relationships where it was difficult to refuse consent. *Id.* at 578. Most importantly for the instant case, the Court also noted that its case did not involve prostitution. *Id.*

**{¶38}** In *Lowe*, the Ohio Supreme Court held that the United States Supreme Court in *Lawrence* did not announce a new fundamental right to all consensual sexual activity. Lowe relied on *Lawrence* to argue he had a constitutionally protected liberty interest to engage in private consensual adult sexual activity with his adult stepdaughter. He asserted that Ohio's incest statute, in particular R.C. 2907.03(A)(5) criminalizing sexual activity between a stepfather and a consenting adult stepdaughter, violated his due process rights. He submitted *Lawrence* created a new fundamental right to engage in consensual sexual activity in the privacy of one's home. *Id.* at ¶ 21.

**{¶39}** The *Lowe* Court held that "*Lawrence* did not announce a 'fundamental' right to all consensual adult sexual activity, let alone consensual sex with one's adult children or stepchildren." *Id.* at ¶ 24. The Ohio Supreme Court thus applied a rational-basis test to the incest statute and held that it served a legitimate state interest as Ohio had a tradition of protecting the family unit. *Id*. at ¶ 25.

**{¶40}** The First District Court of Appeals addressed an argument similar to that of Appellant in *State v. Green*, 2013-Ohio-1197 (1st Dist.). Green asserted that Ohio's solicitation statute, R.C. 2907.24, was an unconstitutional violation of his right to liberty under the Due Process Clause. He submitted that the Due Process Clause protects the right of consenting adults to engage in sexual activity for hire and therefore soliciting another to engage in prostitution was a fundamental right.

**{¶41}** The appellate court reviewed the version of R.C. 2907.24(A) in effect at the time, which is similar to the statute here, R.C. 2907.231(B). R.C. 2907.24(A) provided that "[n]o person shall solicit another to engage with such other person in sexual activity for hire." R.C. 2907.231(B) provides that "[n]o person shall recklessly induce, entice, or

procure another to engage in sexual activity for hire in exchange for the person giving anything of value to the other person."

**{¶42}** The First District held that "there was no fundamental right to engage in sexual activity for hire." *Id*. at ¶ 9. The court thus applied the rational-basis test and held that the "statute [was] rationally related to the legitimate governmental interest in public health, safety, morals and general welfare." *Id*. The court identified the state's interests of protecting public safety from the crime of prostitution, controlling health hazards posed by prostitution, and maintaining a civilized society by protecting against "commercialized sexual solicitation." *Id*.

**{¶43}** Similarly here, there is no fundamental right to seek to engage another in prostitution or sex trafficking. *Lawrence* did not create a new fundamental right. Further, the *Lawrence* Court specifically noted it was not dealing with a case involving prostitution. In addition, the *Green* Court specifically held no constitutional right exists to solicit prostitution. Engaging in prostitution or enticing, inducing, or procuring another with something of value to engage in sexual activity is also not a fundamental right.

**{¶44}** Accordingly, we apply the rational-basis test to R.C. 2907.231(B). The same government interests delineated in *Green* apply to R.C. 2907.231(B). The statute bears a rational relationship to the State's interests in protecting public safety from the crime of prostitution, controlling a potential health hazard caused by prostitution and sex trafficking, and preventing the sexual commercialization of children and those who cannot refuse consent.

**{¶45}** Accordingly, we find Appellant's third assignment of error lacks merit and is overruled.

**{¶46}** For the above reasons, we affirm the trial court's judgment. Ohio Revised Code 2907.231(B) is not unconstitutionally void for vagueness because Appellant's conduct falls squarely within the activities prohibited under the statute. Appellant entered into an online agreement to pay money to an undercover Task Force Agent for sexual activity. Further, Appellant's overbreadth claim fails because R.C. 2907.231(B) regulates conduct and is narrowly drafted to bar unprotected conduct of sex for hire and to combat human trafficking. Additionally, Appellant's due process claim fails because no fundamental right exists to engage in prostitution and the statute bears a reasonable

relationship to the State's legitimate interests in public safety, controlling health hazards, and preventing sexual commercialization bear a reasonable relationship to the statute.

Waite, P.J., concurs.

Robb, J., concurs.

[Cite as *State v. Clavin*, 2026-Ohio-325.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Columbiana County Municipal Court, Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**