[Cite as *Chrin v. Silver Lake*, 2026-Ohio-1743.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CHRISTOPHER J. CHRIN

    Appellant

    v.

VILLAGE OF SILVER LAKE, MAYOR, et al.

    Appellees

C.A. No.    31545

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2024-09-3970

DECISION AND JOURNAL ENTRY

Dated: May 13, 2026

---

CARR, Presiding Judge.

**{¶1}** Appellant Christopher J. Chrin appeals, pro se, the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter to the Mayor for proceedings consistent with this decision.

I.

**{¶2}** After complaints were made by neighboring property owners, the Village of Silver Lake Citizens Housing Committee ("the CHC") viewed Mr. Chrin's property to determine whether the complaints were supported. Photos were taken. The CHC emailed the Mayor of the Village of Silver Lake ("the Mayor") with a list of findings. On June 10, 2024, the Mayor issued a "Notice to Correct" detailing multiple violations of the village's property maintenance standards. Attached to the notice were several photographs purporting to evidence the violations. The notice notified Mr. Chrin of his ability to appeal.

{¶3}  Mr. Chrin filed a notice of appeal.  The matter was scheduled for a hearing before the Mayor.  Mr. Chrin appeared for the hearing but declined to participate; Mr. Chrin asserted that the hearing was not authorized under the village's ordinances.  The hearing proceeded.  The service director, the chair of the CHC, and the two neighboring property owners who submitted complaints testified.  On August 14, 2024, the Mayor issued a decision denying Mr. Chrin's appeal.  A final notice was issued two days later.

{¶4}  Mr. Chrin then filed an administrative appeal pursuant to R.C. 2506.01 in the Summit County Court of Common Pleas.  Motions by Mr. Chrin to supplement the record and strike portions of the record were denied.  After the filing of briefs, the lower court affirmed the decision of the Mayor.

{¶5}  Mr. Chrin has appealed, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE LOWER COURT ERRED IN FINDING SILVER LAKE ORDINANCE CHAPTER 1357 CONSTITUTIONALLY SUFFICIENT[.]

{¶6}  Mr. Chrin asserts in his first assignment of error that various sections of former Chapter 1357 of the Silver Lake Codified Ordinances are unconstitutionally vague.[1]  However, in the lower court, Mr. Chrin limited his challenge to portions of former Silver Lake Cod.Ord. 1357.03.  "In an administrative appeal, failure to raise issues before the court of common pleas forfeits those issues for purposes of appeal."  *A.R. Lockhart Dev. Co. v. Akron Bd. of Zoning Appeals*, 2008-Ohio-3631, ¶ 5 (9th Dist.).  Thus, this Court will only review those arguments which Mr. Chrin raised below and continues to raise here.

---

[1] The current version of the ordinances in Chapter 1357 was adopted in October 2024.

{¶7} R.C. 2506.01(A) states that:

Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

{¶8} R.C. 2506.04 provides in turn that,

[i]f an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶9} "[O]n appeal, an appellate court conducts a more limited review. The appellate court reviews the trial court's decision only on questions of law to determine whether the lower court abused its discretion in finding that the administrative order was [or was not] supported by reliable, probative, and substantial evidence." *Boice v. Ottawa Hills*, 2013-Ohio-4769, ¶ 7.

{¶10} "The void-for-vagueness doctrine is a component of the right to due process and is rooted in concerns that laws provide fair notice and prevent arbitrary enforcement." *Huron v. Kisil*, 2025-Ohio-2921, ¶ 10, quoting *In re Columbus S. Power Co.*, 2012-Ohio-5690, ¶ 20. Municipal ordinances are presumed to be constitutional. *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 18. "In order to prove that a statute or ordinance is void for vagueness, a challenging party must show that the statute is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no

standard of conduct is specified at all." (Internal quotations and citations omitted.) *Huron* at ¶ 10. "In order to pass constitutional muster, the challenged statute or ordinance must: (1) provide fair warning about what conduct is proscribed, (2) preclude arbitrary, capricious, and discriminatory enforcement, and (3) not unreasonably impinge on constitutionally protected rights." *Id.* at ¶ 11.

{¶11} An ordinance need not be vague in all applications to be unconstitutionally vague, but it must be vague in its application to the individual at issue in the matter. *Id.* at ¶ 11-12. In other words, "a challenger cannot mount a successful void-for-vagueness challenge if his conduct clearly falls within the activities proscribed by the law." *Id.* at ¶ 15.

{¶12} Former Silver Lake Cod.Ord. 1357.03 provides in relevant part:

(a) General Maintenance

(1) The owner, resident or agent shall keep the exterior of all premises and every structure thereon including, but not limited to, walls, roofs, cornices, chimneys, drains, porches, landings, fire escapes, stairs, signs, windows, doors an[d] awnings in **good repair** and all surfaces thereof shall be kept painted or protected. All obsolete signs shall be removed.

(2) All premises shall be appropriately maintained, and lawns, hedges, bushes, trees, and other vegetation shall be kept trimmed and from becoming **overgrown and unsightly** where exposed to public view.

(b) Maintenance of Accessory Structures. All **dilapidated** accessory structures, including fences, shall be removed.

(c) Removal of Miscellaneous Debris. All yards, courts or lots shall be kept **free of unsightly materials not appropriate to the area.**

{¶13} The terms that have been placed in bold above are those that were challenged by Mr. Chrin in the lower court and here on appeal. The alleged violations were the following:

The house siding and windows need repair/caulk and painting. Paint has worn off the siding in some areas. The roof has moss on part of it which must be removed. The gutters and roof line facia need repair. (Ord. 1357.03 General Maintenance (a)(1))

In addition, most of the shrubs and trees are overgrown and unkempt in the front and side yard and need to be trimmed. The small stumps in the lawn, one of which

appears to be rotting, must be removed. The lawn has not been maintained and contains lawn weeds which must be removed (Ord. 1357 General Maintenance (a)(2))

The fence is dilapidated and needs repaired or removed. Pots are tipped over, laying around on the ground with other miscellaneous debris around the premises, which must be removed. (Ord. 1357.03 (b) Maintenance of Accessory Structures)

Pots are tipped over, laying around on the ground with other miscellaneous debris around the premises, which must be removed. (Ord. 1357.03 (c) Removal of Miscellaneous Debris)

{¶14} With respect to the phrase "in good repair" we conclude that Mr. Chrin has not demonstrated that the lower court erred in concluding that its use did not render that portion of the ordinance unconstitutionally vague. While that phrase is not defined in the ordinance, the Supreme Court has noted that the common meaning of a similar phrase, "in repair[,]" is "the state of being in good or sound condition." *Pelletier v. Campell*, 2018-Ohio-2121, ¶ 19. Thus, it requires the individual to maintain the items of the types listed in good condition. Under the circumstances before us, "one need not guess at what 'good repair' means." *Cleveland Heights v. G. & C. Props.*, 1974 WL 184833, *1 (8th Dist. Oct. 24, 1974).

{¶15} As for the term "dilapidated[,]" we likewise conclude that Mr. Chrin has not met his burden to demonstrate that the lower court erred in finding that the portion of the ordinance at issue was not unconstitutionally vague. Dilapidated is not defined in the ordinance but the dictionary defines it as "decayed, deteriorated, or fallen into partial ruin especially through neglect or misuse[.]" *Merriam-Webster Online,* https://www.merriam-webster.com/dictionary/dilapidated (accessed Jan. 30, 2026). The common meaning of the word allows the reader to understand what is prohibited and the language used is unlikely to lead to arbitrary enforcement. Mr. Chrin has not demonstrated that the language used in this portion of former Silver Lake Cod.Ord. 1357.03 fails to meet the required standard. *See Huron*, 2025-Ohio-2921, at ¶ 11.

{¶16}  However, we cannot reach the same conclusion with respect to former Silver Lake Cod.Ord. 1357.03(a)(2) which states that "[a]ll premises shall be appropriately maintained, and lawns, hedges, bushes, trees, and other vegetation shall be kept trimmed and from becoming overgrown and unsightly where exposed to public view."  Specifically, Mr. Chrin challenges the use of the phrase "overgrown and unsightly[.]"

{¶17}  The word "overgrown" is defined in the dictionary as "grown abnormally or excessively large[.]"  *Merriam-Webster Online,* https://www.merriam-webster.com/dictionary/overgrown (accessed Jan. 30, 2026).  Whereas "unsightly" is defined as "not pleasing to the sight: not comely[.]"  Merriam-Webster Online, https://www.merriam-webster.com/dictionary/unsightly (accessed Jan. 30, 2026).  Here, we cannot say that the ordinance provides sufficient notice as to what is prohibited.  *See Huron* at ¶ 11.  In addition, the broad and ill-defined language used does not preclude arbitrary enforcement.  The portion of the ordinance at issue does not provide any guidance as to what height, shape, or appearance would render vegetation "overgrown and unsightly[.]"  What is overgrown and unsightly to one person could be considered natural and pleasant to another.  Without benchmarks to guide what is acceptable, different individuals would disagree as to what constituted the prohibited conduct.

{¶18}  For similar reasons, this Court also agrees with Mr. Chrin that former Silver Lake Cod.Ord 1357.03(c) is unconstitutionally vague.  This portion of the ordinance indicates that "[a]ll yards, courts or lots shall be kept free of unsightly materials not appropriate to the area."  Mr. Chrin points to the phrase "free of unsightly materials not appropriate to the area" as being of concern.  This language is very broad and offers no examples of what types of materials might be considered unsightly, nor does it declare a particular purpose for enacting this language which could aid the reader in determining what conduct is prohibited.  The ordinance here is unlike the

ordinance in *State v. Hammock*, 2022-Ohio-3570 (1st Dist.), cited by the Appellees, which held that the use of the phrase "unsightly appearance" was not unconstitutionally vague under the circumstances. *Id.* at ¶ 3, 18-19. In *Hammock,* the ordinance prohibited "leav[ing], dump[ing], or permit[ting] to accumulate any garbage, rubbish, trash, debris, junk or other materials in any building, or on any premises, improved or vacant, or on any open lot or valley in the city, so that the same shall afford food or harborage for rats or shall constitute an unsightly appearance with regard to the character of the neighborhood." *Id.* at ¶ 3. As discussed above, the language before this Court is broader and nonspecific providing little guidance as to what is prohibited and making it likely enforcement will be arbitrary and dependent upon who is enforcing the ordinance. *See Huron* at ¶ 11.

{¶19} Accordingly, Mr. Chrin's first assignment of error is sustained in part and overruled in part. Former Silver Lake Cod.Ord. 1357.03(a)(2) and (c) are unconstitutionally vague. Any violations of those two portions cannot be upheld.

## ASSIGNMENT OF ERROR II

THE LOWER COURT ABUSED ITS DISCRETION IN AFFIRMING THE MAYOR'S FINAL NOTICE[.]

{¶20} Mr. Chrin argues in his second assignment of error that the lower court erred in failing to analyze the sufficiency of the evidence to support each and every alleged violation. However, a review of Mr. Chrin's arguments raised in his memorandum in support of his appeal in the lower court reveals that he did not raise the argument he now makes. In the lower court, Mr. Chrin asserted that the hearing was illegal, his due process rights were violated for several reasons, certain phrases in the ordinance were unconstitutionally vague, the Mayor and the CHC acted in an arbitrary and capricious manner and engaged in selective prosecution, the findings made by the CHC required an inspection, and the CHC failed to analyze adjoining property

valuation changes in making its findings. Thus, none of the assignments of error which Mr. Chrin raised below, or the arguments supporting them, addressed the sufficiency of the evidence. As noted above, "[i]n an administrative appeal, failure to raise issues before the court of common pleas forfeits those issues for purposes of appeal." *A.R. Lockhart Dev. Co.*, 2008-Ohio-3631, at ¶ 5 (9th Dist.). As Mr. Chrin did not raise the argument he now makes in his memorandum in support of his appeal in the lower court, he has forfeited it, and, as he has not argued plain error, we decline to further review this issue. *See id.*

**{¶21}** Mr. Chrin's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE LOWER COURT ERRED IN FINDING DUE PROCESS WAS NOT VIOLATED BY ALLOWING THE MAYOR TO HEAR THE APPEAL[.]

**{¶22}** Mr. Chrin argues in his third assignment of error that his due process rights were violated because the Mayor was biased and not impartial.

> The essence of due process dictates, at the very least, that an individual have an opportunity to be heard and to defend, enforce and protect his rights before an administrative body in an orderly proceeding. Accordingly, due process includes the right to a hearing before an unbiased and fair and impartial tribunal. [T]here is a presumption of honesty and integrity on the part of an administrative body unless there is a showing to the contrary. [T]he party alleging a disqualifying interest bears the burden of demonstrating that interest to a reviewing court.

(Internal quotations and citations omitted.) *Hutchinson v. Wayne Twp. Bd. of Zoning Appeals*, 2011-Ohio-5590, ¶ 11 (12th Dist.).

**{¶23}** Here, Mr. Chrin contends that, because the Mayor not only determined which findings made by the CHC constituted violations, but also heard Mr. Chrin's initial appeal, the Mayor was not impartial. The Supreme Court has noted that "[i]t is [] very typical for the members of administrative agencies to receive the results of investigations, to approve the filing of charges or formal complaints instituting enforcement proceedings, and then to participate in the ensuing

hearings. This mode of procedure does not violate the Administrative Procedure Act, and it does not violate due process of law." *Withrow v. Larkin*, 421 U.S. 35, 56-57 (1975). The Court went on to state that it is likewise "not contrary to due process to allow judges and administrators who have had their initial decisions reversed on appeal to confront and decide the same questions a second time around." *Id.* at 57. While the circumstances mentioned in the Supreme Court case are not identical to the facts before us, the principles are similar. We cannot say that Mr. Chrin has demonstrated that the mere fact that the Mayor decided which recommendations of the CHC constituted violations requires the conclusion that the Mayor was biased and incapable of being impartial in hearing an appeal from the violations.

{¶24} Mr. Chrin also asserts that certain statements by the Mayor in the "Notice of Appeal Hearing[,]" that was provided to Chrin, demonstrated that the Mayor was biased. However, Mr. Chrin has not met his burden as to this issue. Reviewing the entirety of the document, it is clear that the Mayor was responding to comments made by Mr. Chrin in his notice of appeal and attempting to clarify the nature of the violations. We cannot say that the comments at issue substantiate Mr. Chrin's claim of bias.

{¶25} Mr. Chrin's third assignment of error is overruled.

III.

{¶26} Mr. Chrin's first assignment of error is sustained in part and overruled in part. His remaining assignments of error are overruled. The matter is remanded to the Mayor to dismiss Mr. Chrin's violations of former Silver Lake Cod.Ord. 1357.03(a)(2) and (c).

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

SUTTON, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

CHRISTOPHER J. CHRIN, pro se, Appellant.

PATRICIA AMBROSE RUBRIGHT, Director of Law, for Appellees.